HALL v. GALBAN & CO.   (No. 6070.)

(Supreme Court, Appellate Division, First Department.   July 10, 1914.)

PLEADING (§ 231*)—AMENDMENTS—RIGHT TO AMEND.

Under Code Civ. Proc. § 542, providing that within 20 days after the answer is served it may be once amended as of course, a defendant has an absolute right to amend once, and an amendment by leave of court is not a substitute for and does not preclude a subsequent amendment under the statute.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 594–598; Dec. Dig. § 231.*]

Appeal from Special Term, New York County.

Action by Joseph E. Hall against Galban & Company. From an order denying defendant's motion that plaintiff be required to accept service of an amended answer, defendant appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

M. G. Holstein, of New York City, for appellant.
Frederick Stewart, of New York City, for respondent.

SCOTT, J.   The papers on appeal disclose a rather remarkable history of pleadings served, withdrawn, and amended by leave of the court; but never until this motion was made has defendant undertaken to avail itself of the right to amend once of course under section 542, Code of Civil Procedure. It has been uniformly held that under this section a party has an absolute right to amend once, providing he do so within 20 days after service of the answer, demurrer, or reply. An amendment by leave of the court is not a substitute for, and does not preclude, a subsequent amendment under the section cited. Backes v. Mech. & Traders' Bank, 130 App. Div. 20, 114 N. Y. Supp. 459.

Order appealed from reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.

―――――――

KETTELTAS et al. v. INTERBOROUGH RAPID TRANSIT CO. et al.
(No. 6030.)

(Supreme Court, Appellate Division, First Department.   July 10, 1914.)

EMINENT DOMAIN (§ 127*)—COMPENSATION—DAMAGE TO ABUTTING PROPERTY.

The owner of property abutting on a street in which an elevated railroad structure is constructed is not entitled to recover for depreciation in value by reason of the construction of the structure in the street generally, especially with reference to the point below, where the structure left the street and turned into another street, where it did not substantially interfere with plaintiff's easements.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 348; Dec. Dig. § 127.*]

Appeal from Trial Term, New York County.

Action by Alice Ketteltas and others against the Interborough Rapid Transit Company and others. From a judgment awarding damages

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

to plaintiffs with an alternative injunction if the damages are not paid, defendants appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

J. Osgood Nichols, of New York City, for appellants.

Isaac E. Bermant, of New York City, for respondents.

PER CURIAM. Although it is stated in the decision that "the plaintiffs are not entitled to recover damages or to the award of injunctive relief in respect to such portions of defendants' structure as are not in the portion of Pearl street directly in front of the premises in suit," a comparison of the awards with the testimony upon which they are based indicates very clearly that this rule was not closely adhered to. In point of fact there is very little of the structure in Pearl street in front of plaintiff's premises.

It is very probable that values in Pearl street above Coenties Slip have been seriously impaired by the erection and operation of defendants' railroad, and that such impairment has affected values in the street generally, even below the point where the structure leaves Pearl street and turns into Coenties Slip, and where it does not substantially interfere with plaintiffs' easements; but for this latter impairment no damages can be recovered. The premises in suit have been allowed to fall into such a state of disrepair that some portion of the diminution of rental value must be attributed to neglect. On the whole, we are of opinion that substantial justice will be done if the fee damage is reduced to $3,025, and the rental damage to $181.50 per annum, or $1,875.50; both sums to carry interest from May 20, 1913, the date of the trial. The extra allowance must also be reduced to $245.

The judgment will, accordingly, be modified in these respects, and as modified affirmed, without costs in this court. The twenty-eighth and twenty-ninth findings of fact will be reversed, and in place thereof there will be found and inserted in the order findings of similar tenor, except as to the several amounts of damage, which shall be as above indicated. Settle order on notice.